**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OELMI RAFAEL MARTINEZ MARIA,** *Petitioner,* | : | |
| **v.** | : | **CIVIL NO. 26-8845** |
| **J. L. JAMISON et al.,** *Respondents.* | : | |

**ORDER**

**AND NOW**, this **24th** day of **November 2026**, upon consideration of Mr. Martinez Maria's Petition for a Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition (ECF No. 5), and the Court noting that the Government concedes that this matter generally presents questions of law regarding immigration detention under 8 U.S.C. § 1226(a) and due process that are substantially the same as ones this Court previously addressed,[1] it is hereby **ORDERED** that the Petition is **GRANTED**. It is **FURTHER ORDERED** as follows:

1. The Government shall release Mr. Martinez Maria from custody **immediately** and file a certificate of compliance on the docket no later than **5:00 p.m. on November 27, 2026**.
2. Upon filing of the certificate of compliance, the Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

***/s/ Kai N. Scott***

**HON. KAI N. SCOTT**
**United States District Court Judge**

[1] *Andres Sanchez Patino v. Jamison*, No. 26-cv-7934 (E.D. Pa. Oct. 21, 2026), and *Carlos Kelvin Matos-Ramirez v. Jamison*, No. 26-cv-7307 (E.D. Pa. Oct. 15, 2026). In those cases, the Court granted the Petitioners' habeas petitions and ordered immediate release because there was no evidence of flight risk or danger to the community. Because the Government concedes that the same is true here, the Court grants Mr. Martinez Maria the same relief.